```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Enver Berker Hazar,             :

     Plaintiff,                 :

   v.                           :       Case No. 2:16-cv-305

                                :       JUDGE JAMES L. GRAHAM
Nationwide Mutual Insurance             Magistrate Judge Kemp
Company,                        :

     Defendant.                 :
```

REPORT AND RECOMMENDATION

This matter is before the Court to consider Plaintiff Enver Berker Hazar's motion for remand. Defendant Nationwide Mutual Insurance Company filed a response and this matter is now ripe for decision. For the following reasons, the Court will recommend that the motion to remand be granted.

I. Introduction

Mr. Hazar, who, along with Nationwide, was a signatory to an Agency Executive Performance Agreement, filed this action in the Franklin County Court of Common Pleas on January 12, 2016. He asserted several claims in his complaint arising out of what he contends were Nationwide's breaches of that agreement or fraud in inducing him to sign it. The final count of the complaint, count eight, is entitled "National Origin-Based Discrimination," and contains, among other allegations, these assertions:

> 134. Plaintiff, who is of Turkish descent, is a member of a protected class pursuant to R.C. §4112 and 42 U.S.C.A. §2000e-2(a).
>
> . . .
>
> 136. Nationwide treated Plaintiff in a discriminatory manner with respect to the terms of his AE agreement, and subjected him to disparate treatment by, *inter alia*, refusing to offer Plaintiff servicing rights to

>   an existing book of business because of his Turkish decent (sic); refusing to provide Plaintiff with a field underwriter, while providing field underwriters to Plaintiff's similarly situated Caucasian counterparts; poking fun at, and making disparaging remarks to Plaintiff regarding his accent; opening Plaintiff's personal mail, but not opening the mail of Plaintiff's similarly situated Caucasian counterparts; targeting Plaintiff for compliance audits but not doing the same with respect to Plaintiff's similarly situated non-Turkish counterparts; prohibiting Plaintiff from acquiring books of business that were not diverse, and terminating Plaintiff's employment.
>
>   137. Nationwide's decisions and actions as set forth in herein above were based, at least in part, on Plaintiff's national origin.
>
>   . . .
>
>   139. Nationwide's action and inactions described hereinabove constitute national origin-based discrimination in violation of R.C. §4112 and 42 U.S.C.A. §2000e.

In the section of the complaint addressed to venue, Mr. Hazar stated the following:

>   6. This Complaint asserts claims under the common and statutory laws of Ohio and Virginia, as well as 42 U.S.C. § 2000e-2(a), over which this Court has concurrent jurisdiction.  It is Plaintiff's specific intention to litigate his claims in this Ohio State court.  Therefore, should the averments in this Complaint, and/or any evidence adduced during discovery in this case, suggest or imply that Plaintiff is asserting federal claims other than that over which this Court has concurrent jurisdiction, Plaintiff specifically rejects such suggestion or implication and hereby states that he is not pursuing, and has never intended to pursue, any other claims under any federal law of the United States, thereby precluding the removal of this case to any federal court based on federal question jurisdiction.

The complaint was served on Nationwide on January 20, 2016. Nationwide filed a motion to dismiss in the state court on March

16, 2016.  Mr. Hazar responded on March 31, 2016.  His response stated that he has "asserted his discrimination claim under 42 U.S.C.A. §2000e-2(a)," and that he had filed a charge with and received a right-to-sue letter from the EEOC.  Subsequently, Nationwide removed the case to this Court on April 6, 2016, 76 days after service of the complaint.  Mr. Hazar's motion to remand followed.

## II. Discussion

In his motion, Mr. Hazar contends that remand is appropriate for three reasons. First, he asserts under 28 U.S.C. §1446(b)(1), Nationwide's notice of removal was untimely. Additionally, he alleges that Nationwide "contractually divested itself of this Court's jurisdiction" in its Agency Executive (AE) Agreement.  Further, he asserts that no substantial question of federal law exists.  Alternatively, he requests that if the Court "accepts jurisdiction" over his discrimination claim, that his state law claims be remanded back to the Franklin County Court of Common Pleas.  Finally, he seeks an award of costs and fees incurred in connection with his motion.

In response, Nationwide asserts that its notice of removal was timely pursuant to 28 U.S.C. §1446(b)(3).  Nationwide claims it filed its notice of removal within 30 days of "first [] ascertain[ing] that the case is one which is or has become removable."  In support of this assertion, Nationwide argues that the complaint "obscured" the federal question and that it was unaware until Mr. Hazar filed his response to its motion to dismiss that he was asserting a discrimination claim specifically under 42 U.S.C. §2000e-2a.  Nationwide also contends that nothing in the AE Agreement divests this Court of its original jurisdiction.  With respect to Mr. Hazar's position that no federal question exists, Nationwide points out that, in his motion to remand, Mr. Hazar argues both that count eight of his

complaint "specifically and clearly states a claim for national origin discrimination under both O.R.C. 4112 and 42 U.S.C. §2000e-2(a)" and that "he does not 'rely on any federal law to raise or sustain his claim.'" Nationwide contends that Mr. Hazar cannot both be specifically and clearly stating a federal claim and disavowing any reliance on federal law in making his claim.

A. <u>Timeliness</u>

The Court turns first to the issue of the timeliness of Nationwide's notice of removal.  The removal statute provides, in relevant part, as follows:

> (1)The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. §1446(b).

The precise issue raised by the parties is whether the complaint, as pleaded, should have alerted Nationwide to the fact that Mr. Hazar was asserting a claim under 42 U.S.C. §2000e-2(a) or whether, as Nationwide contends, Mr. Hazar's intent to do so did not become clear until he responded to the motion to dismiss.

Here, Nationwide points out that Mr. Hazar's complaint "explicitly states he 'is not pursuing, and has never intended to

-4-

pursue, any other claims under federal law....' Nevertheless, Plaintiff cites 42 U.S.C. 2000e-2(a) as a basis of liability." Further, it contends that the complaint's language does not provide "solid and unambiguous information" that Mr. Hazar intended to state a federal claim. Rather, according to Nationwide, the complaint alternates between references to federal and state law and actually states, in the venue section, that Mr. Hazar has no intention of asserting any claim which could be removed to federal court. From Nationwide's perspective, Mr. Hazar did not unambiguously indicate his intention to assert a federal claim until responding to the motion to dismiss. The question then becomes whether the complaint, pleaded with sufficient clarity, a claim arising under federal law, thus starting the removal clock running on the date of service.

"To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint . . . : '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement . . . is based upon those laws or that Constitution.'" Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). If a complaint pleads a claim arising under federal law, the failure to file a notice of removal within the thirty-day statutory period bars the exercise of federal jurisdiction. However, in order for that bar to be enforced, it must be reasonably ascertainable by the defendant that a federal claim has been stated. Holston v. Carolina Freight Carriers Corp., 936 F.2d 573, 2 (6th Cir. 1991).

Certainly, there are cases in which is not reasonably ascertainable that a federal question is involved until an event occurs after the initial pleading is filed which makes that clear. For example, an amended complaint may state a federal

-5-

claim, or a later-filed motion or response may reveal the existence of a federal claim even though the complaint does not appear to contain one. That is, if the "[d]efendant could not reasonably have met its burden of showing that the complaint satisfied [the federal question] requirement without further information, . . . the claim was not yet removable." Inovision Software Sols., Inc. v. Sponseller Grp., Inc., 2015 WL 3932542, at *3 (E.D. Mich. June 26, 2015). Accordingly, the thirty-day period starts to run once the defendant has "solid and unambiguous information that the case is removable." Holston, 936 F.2d 573 at 3.

    Here, Nationwide argues that it was not able to ascertain, from the complaint, that a federal question was at issue. However, a pleading or other writing is plain on its face if "its language conveys an unmistakable meaning." Ohio, Pennsylvania & W. Virginia Coal Co. v. PanEnergy Corp., 120 F.3d 607, 610 (6th Cir. 1997) (citing City Investigating Co. Liquidating Trust v. Continental Cas. Co., 624 A.2d 1191, 1198 (Del. 1993)). Count Eight, quoted above, unmistakably pleads a national origin discrimination claim; it cannot be read any other way. It cites specifically to Title VII, identifies Mr. Hazar as a member of a class protected by that statute, and says that the discrimination claims being asserted arise under both Ohio and Virginia law and 42 U.S.C. §2000e. If that were the only part of the complaint which bears on the removal question, there would be no serious issue about the notice of removal's having been filed too late.

    In contending that removal was timely, Nationwide relies on the language of the venue section of the complaint. As the Court's earlier quotation of that section In that section reveals, there are two important statements found there. The first is Mr. Hazar's statement that the Franklin County Court of Common Pleas has concurrent jurisdiction over the claims being

-6-

asserted under Title VII.  That statement is clearly true, but would be entirely unnecessary if the complaint were construed to assert only state law claims.  That statement, plus the language which precedes it ("[t]his complaint asserts claims under ... 42 U.S.C. §2000(e)(2)(a)"), reinforces the conclusion that the complaint does contain a federal claim.

The second statement is the only one which conceivably supports Nationwide's position that the complaint "obscures" the fact that there is a federal claim being pleaded.  Again, to quote the language exactly, the complaint says that Mr. Hazar wants to litigate in state court and he rejects the suggestion that he is pursuing "federal claims **other than that over which this Court has concurrent jurisdiction...**" (emphasis added).  That language, reasonably interpreted, means that the Title VII claim is the **only** federal claim being pleaded; otherwise, the use of the word "other" would be meaningless.  "Other" means "different from," so that statement simply means that the complaint should not be read to assert any federal-based claims which are different from the Title VII claim.

The ambiguity of the venue paragraph lies in is its obvious misstatement of the law of federal removal jurisdiction.  The implication of that paragraph is that so long as Mr. Hazar pleaded only a federal claim over which both state and federal courts have jurisdiction, the case cannot be removed.  As this Court observed in Baird v. Unum Group, 2011 WL 4964872, *1 (S.D. Ohio Oct. 13, 2011):

> There is no statutory or case law supporting the ... position that if concurrent jurisdiction exists, this Court can or should remand the case to state court. Rather, the cases uniformly hold that the "mere existence of concurrent jurisdiction, standing alone, is not a sufficient reason to remand an otherwise removable action." Nesbitt v. Bun Basket, Inc., 780 F.Supp. 1151, 1153 (W.D. Mich.1991), citing Aben v. Dallwig, 665 F.Supp. 523, 525 (E.D. Mich.1987). See

>also Obeid v. Meridian Automotive Systems, 296 F.Supp.2d 751, 753 n. 1 (E.D. Mich.2003) (stating that concurrent jurisdiction is of no consequence in the removal analysis); Kabealo v. Davis, 829 F.Supp. 923, 927 (S.D. Ohio 1993) (stating that the fact that federal and state courts have concurrent jurisdiction does not provide a basis for defeating defendants' right to remove the action to federal court);Broom v. TRW Credit Data, 732 F.Supp. 66, 69 (E.D. Mich.1990) (noting the grant of concurrent jurisdiction alone was insufficient to defeat the right of removal granted under 28 U.S.C. § 1441).

Nationwide, like any reasonable party, is presumed to know the law. It simply cannot claim to have relied on an obvious misstatement of the law as its basis for being uncertain about whether the case was removable. In essence, what happened here is that the complaint pleads, in no uncertain terms, a claim under Title VII, but the Plaintiff then said, "I do not wish to litigate in federal court," supporting that wish not by a disclaimer of the Title VII claim, but by incorrectly asserting that federal claims over which state courts have concurrent jurisdiction are not removable. Any reliance Nationwide placed on that statement was not reasonable. Rather, it can be reasonably ascertained from such a pleading that a federal law claim has been pleaded and that the case is removable. That makes the 76-day delay in this case a bar to federal jurisdiction. That being so, there is no need to address the other bases of the motion to remand.

### B. Attorneys' Fees

Both parties cite to Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) in support of their arguments regarding the objectively reasonable standard of review for seeking attorney's fees. "The standard for awarding fees should turn on the reasonableness of the removal." Id. at 141. Additionally, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule

in a given case." Id.  Examples of unusual circumstances include an unreasonable delay in the filing of a motion or refusal to disclose pertinent facts for review of jurisdiction.

Nationwide should have understood that the complaint's attempt to avoid removal had no reasonable basis in law.  On the other hand, Mr. Hazar must bear some of the responsibility for the late removal of this case based on the fact that he explicitly denied, in the complaint, that the case was removable. Neither party has cited a case quite like this one, and the Court's application of the law to these facts, while fairly straightforward, does not support the argument that Nationwide had no basis for believing that it had filed a timely notice of removal.  No award of attorneys' fees is therefore recommended.

### III. Recommendation

This court recommends that the motion to remand (Doc. 11) be granted and that this case be remanded back to state court, without an award of attorney's fees.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the

right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge